**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| ex rel. MICHAEL HILL, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | 08 C 3096 |
| | ) | |
| JESSE MONTGOMERY, | ) | |
|     Respondent. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Michael Hill's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court. For the following reasons, Hill's petition is denied.

**I.      Background**

In January of 2001, petitioner Michael Hill (prison identification #R01715) pleaded guilty to first degree murder and was sentenced to a 20 year term of imprisonment. This sentence included a three year period of mandatory supervised release ("MSR"), and the MSR term is the focus of Hill's § 2254 petition. According to Hill's state court filings, he first learned about the MSR portion of his sentence at some point prior to December of 2002 (when he filed his first state post-conviction petition – which is not in the record provided to the court – challenging the MSR) or October of 2003 (as reflected in his successive state court post-conviction petition alleging that his prison counselor told him about the MSR on October 24, 2003).

Hill was paroled from the Robinson Correctional Center on October 12, 2007, and is projected to be discharged from parole on October 13, 2010. In his § 2254 petition, Hill states that he is restricted to home confinement and asks the court to find that his MSR term violates due process and Illinois Supreme Court Rule 402, which provides a guilty plea shall not be

accepted without the trial court first informing a defendant of minimum and maximum sentences prescribed by law. See Ill. Sup. Ct . R. 402(a)(2).

## II.     Procedural Posture

On December 12, 2002, Hill filed a state post-conviction petition challenging the MSR term. On November 6, 2003, the state circuit court summarily dismissed the petition as untimely. Hill appealed and on January 14, 2005, the state appellate court vacated the summary dismissal and remanded the case for further proceedings.

In the meantime, while his appeal was pending, Hill filed a second state post-conviction petition alleging that when he pleaded guilty, the court did not advise him that his sentence included a three-year period of MSR, and that if he had known this, he would not have pleaded guilty. On April 17, 2006, the trial court dismissed Hill's second state post-conviction petition. The respondent states that Hill does not seem to have filed an appeal from this decision.

Hill then filed a third action (a mandamus petition filed with the Circuit Court of Cook County) on December 8, 2003, asserting that the trial court failed to admonish him about the three-year MSR term. Ten days later, he filed a motion for leave to file a petition for an original writ of mandamus in the Illinois Supreme Court, again challenging his MSR term. The Illinois Supreme Court denied this motion on March 16, 2004.

After these rulings, the Circuit Court mandamus proceedings and the remanded first state post-conviction petition were still pending. The state court appears to have considered these two cases together, as it held a hearing, during which defense counsel stated that his client did not want to withdraw his guilty plea. Subsequently, on November 2, 2005, the circuit court rejected

Hill's arguments about MSR. Hill appealed, repeating his arguments about due process and Illinois Supreme Court Rule 402.

On October 9, 2007, the state appellate court found that it lacked the authority to vacate Hill's MSR term or give him any credit relating to the MSR because MSR is required by 730 ILCS § 5/5-8-1(d).[1] It thus affirmed the dismissal of Hill's post-conviction petition. Hill filed a timely petition for leave to appeal ("PLA") with the Illinois Supreme Court, which denied leave to appeal on January 30, 2008.

On May 25, 2008, Hill filed a § 2254 petition arguing that he was denied due process when the state court allowed him to plead guilty but did not admonish him that a three-year term of MSR attached to his 20-year sentence and that the MSR term violates Illinois Supreme Court Rule 402.

**III. Discussion**

The respondent does not appear to challenge Hill's contention that he learned about the MSR term at some point shortly before December of 2002 when he filed his first state post-

---

[1] 730 ILCS § 5/5-8-1(d) provides, in pertinent part, that:

Except where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment . . . . For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term. Subject to earlier termination under Section 3-3-8, the parole or mandatory supervised release term shall be as follows: (1) for first degree murder or a Class X felony except for the offenses of predatory criminal sexual assault of a child, aggravated criminal sexual assault, and criminal sexual assault if committed on or after the effective date of this amendatory Act of the 94th General Assembly, 3 years . . . .

conviction petition. Since that proceeding was remanded and Hill filed his § 2254 petition within a year after the state court proceedings connected with that case concluded, Hill's § 2254 petition is timely. See 28 U.S.C. 28 U.S.C. § 2244(d)(1)(D). However, Hill's arguments about Illinois Supreme Court Rule 402 and due process do not support the grant of relief under § 2254.

First, Hill's contention that the MSR term violates Illinois Supreme Court Rule 402 rests entirely on state law, as he does not contend that the state court rulings are at odds with any United States Supreme Court authority. His request for federal habeas relief based on the alleged failure to follow a state rule is, therefore, doomed as this court may only address the merits of claims based on "alleged violations of the federal constitution, laws and treaties." *Biskup v. McCaughtry*, 20 F.3d 245, 247 (7th Cir. 1994) ("§ 2254 cannot be invoked simply . . . to review alleged violations of state law").

Hill's due process claim rests on the federal constitution, and hence is cognizable in a habeas proceeding. Nevertheless, it suffers from a different but still fatal flaw. The Illinois Appellate Court did not address the merits of Hill's due process claim. Instead, it held that it lacked the authority to vacate the MSR term because MSR is mandatory pursuant to 730 ILCS § 5/5-8-1(d). The court thus held that the only relief open to Hill was to vacate his guilty plea, and that because Hill did not want to withdraw his plea, he had no remedy so his post-conviction claim was moot.

It is well established that a defendant must properly present his constitutional claims to the state courts to avoid procedural default. *See generally O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "When the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state ground, federal habeas review of the

claim is foreclosed." *Miranda v. Leibach*, 394 F.3d 984, 991-92 (7th Cir. 2005). The Seventh Circuit has explained that:

> A state ground is deemed "independent" for this purpose only if the state court actually relied on a state rule sufficient to justify its decision. The adequacy of the state ground is a question of federal law; the ground is considered "adequate" only if the state court applies the rule in a consistent and principled way. The adequate and independent state ground doctrine is subject to equitable exceptions. If the petitioner can demonstrate cause for his failure to comply with the state rule and prejudice resulting from the default, or alternatively that a miscarriage of justice will occur if he is not granted relief, then a federal court may reach the merits of his claim notwithstanding the adequate and independent basis for the state court ruling.

*Id*. (internal citations and quotations omitted).

As noted above, the Illinois Appellate Court found that it could not vacate Hill's MSR term because 730 ILCS § 5/5-8-1(d) specifies that defendants who are convicted of first degree murder must receive a three-year term of MSR. It then held that the only option –remand so Hill could withdraw his plea – was not on the table since Hill did not wish to withdraw his plea. It thus concluded that no relief was available and affirmed the lower court.

The Illinois Appellate Court followed a firmly established and regularly followed practice when it relied on the clear statutory language in 730 ILCS § 5/5-8-1(d) and concluded that the mandatory three-year MSR term required rejection of Hill's arguments. *See Daniels v. Knight*, 476 F.3d 426, 433 (7th Cir. 2007), *quoting Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (a "firmly established and regularly followed state practice" constitutes an independent and adequate state ground that forecloses review of a federal constitutional claim). Accordingly, its decision rests on an independent and adequate state ground.

This means that this court may reach the merits of Hill's federal constitutional claim only if Hill can establish cause for the default and actual prejudice or demonstrate that the court's failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, Coleman v. Thompson, 501 U.S. 722, 750 (1991). Although Hill does not contend that cause and prejudice or the fundamental miscarriage of justice exceptions excuse his default, the court will nevertheless consider whether these exceptions can help him.

Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 282 (1999). Here, Hill raised an argument that was wholly at odds with a state procedural rule, so an objective factor is not at the heart of his procedural default. Thus, cause does not excuse his default.

The fundamental miscarriage of justice exception is also inapplicable because "this relief is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). To show "actual innocence," a petitioner must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. *Id*. Hill's petition, as well as the state court pleadings submitted to the court, do not contain any substantiated allegations of actual innocence. Thus, this exception does not apply.

### IV. Conclusion

The court appreciates that Hill is dissatisfied with the mandatory term of MSR imposed in connection with his first-degree murder conviction. Nevertheless, for the above reasons, Hill's §

2254 petition [1-1] is denied as it is clearly meritless. The clerk is directed to enter a Rule 58 judgment and to terminate this case from the court's docket.

DATE:   January 9, 2009

_____
Blanche M. Manning
United States District Court Judge